IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Miguel Loyola, #A-N15968, | ) | Case No.: 2:21-cv-02714-JD-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Environmental Protection Agency; Black Lives Matter Movement; Tyler Perry; Donald J. Trump; Estate of Martin Luther King, Jr.; Channing Dungey; and Queen Elizabeth II, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Mary Gordon Baker ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Miguel Loyola ("Loyola" or "Plaintiff") proceeding *pro se* and *in forma pauperis* brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. (DE 1.)

Plaintiff filed a complaint [2] on August 23, 2021, primarily challenging the social justice movement known as Black Lives Matter ("BLM Movement"), which Plaintiff repeatedly refers to

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Any references to the "Complaint" herein encompasses Plaintiff's original Complaint (DE 1 and the attachments thereto) and his related amended claims (DE 8 and the attachments thereto), which are considered together as one pleading. Plaintiff's more recent "supplemental" filings, which include a two-hundred-page packet consisting of incoherent handwritten things, are illegible and without context, such that their purpose is unclear. Many of these documents in these filings appear to be wholly unrelated to the claims raised in the instant case.

1

as a "domestic terrorist group" that is threatening the nation's "historical landmarks, confederate monuments, and family value[s]."  (DE 1-1, p. 2; DE 1, p. 5.)  The Court issued a Proper Form Order on August 27, 2021, advising Plaintiff that a cursory review of the Complaint suggested that this Court may be the wrong venue for his claims:

> Pursuant to 28 U.S.C. § 1391, a civil action may be brought in the following: (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). If an action is filed in the improper venue, the court may dismiss the case, or transfer such case to any district or division in which it could have been brought for the convenience of the parties and in the interests of justice. 28 U.S.C. §§ 1404(a), 1406(a). . . .
>
> Your claims against Defendants do not appear to meet any of the criteria under 28 U.S.C. § 1391

(DE 6, p. 2 n. 1.)

The Report and Recommendation was issued on January 11, 2022, recommending that this action be summarily dismissed because this Court is not the proper venue for this case and transferring this case to another district court would be futile, as Plaintiff lacks standing to bring this lawsuit in the first instance.  (DE 15, pp. 6-7.)

Plaintiff filed no objections to the Report and Recommendation.  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation

---

Given the wide swath of unrelated allegations and issues in these disorganized supplemental filings, the undersigned notes that such documents are not appropriately filed or considered in the instant matter. *See* Fed. R. Civ. P. 20(a)(1) (permitting the joinder of multiple defendants only where the right to relief asserted against them arises out of the same transaction or occurrence and concerns a common question of law or fact); *see also Coles v. McNeely*, No. 3:11-cv-130, 2011 WL 3703117, at *3 (E.D. Va. Aug 23, 2011) (referencing 28 U.S.C. § 1915(g)) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that these complaints have produced but also to ensure that prisoners pay the required filing fees.") Accordingly, any references to the Complaint herein do not encompass Docket Entries 13, 14, or the attachments thereto.

for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Upon review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein by reference.

It is, therefore, **ORDERED** that Plaintiff's Complaint is summarily dismissed without prejudice and without issuance or service of process.

**IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

February 18, 2022
Greenville, South Carolina

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.